**Scott A. Staples, OSB No. 132572**
Email: scotts@stlaw.com
SCHAUERMANN THAYER
1700 E. Fourth Plain Blvd.
Vancouver, WA 98661
Tel: (360) 695-4244
Fax: (360) 696-0583

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER WATSON, | Case No. 3:22-cv-00959 |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| vs. | |
| MITSUBISHI LOGISNEXT AMERICAS, INC. and MITSUBISHI LOGISNEXT AMERICAS (HOUSTON), INC., | |
| Defendants. | |

**FIRST CLAIM FOR RELIEF**

**COUNT ONE**
**(Strict Products Liability)**

1.

At all material times:

a) Defendant MITSUBISHI LOGISNEXT AMERICAS (HOUSTON), INC. was a Delaware corporation with its headquarters in Texas;

FIRST AMENDED COMPLAINT - 1

b) Defendant MITSUBISHI LOGISNEXT AMERICAS, INC. was a Delaware corporation with its headquarters in Texas. Hereinafter, these defendants are referred to collectively as "MITSUBISHI;"

c) MITSUBISHI engaged in the business of manufacturing, designing, testing, distributing, servicing, leasing and selling industrial electric pallet jacks, some of which were ultimately sold in the state of Oregon;

d) MITSUBISHI carried on regular and sustained business activities in the county of Multnomah, state of Oregon, by distributing, servicing, and selling Jungheinrich-branded electric pallet jacks and other material handling equipment and machinery through authorized dealers in the city of Portland, County of Multnomah, state of Oregon;

e) Plaintiff CHRISTOPHER WATSON is a resident of the state of Washington, and was employed by Arctic Glacier Premium Ice at its location at 909 N. Columbia Blvd., Portland, OR.

2.

Defendant MITSUBISHI designed, manufactured, distributed, sold, leased, maintained, serviced, inspected and/or tested an electric end rider walkie pallet jack (hereinafter the "pallet jack"), on information and belief model number ECR 327, that was sold to Plaintiff's employer, Artic Glacier.

3.

On or about August 24, 2021, Plaintiff Christopher Watson was operating the pallet jack at his place of employment- Artic Glacier in Portland, Multnomah County, Oregon. The pallet jack's wheel that provided steering and drive to the machine unexpectedly lost and then quickly regained its traction, causing the machine to buck/jerk. This malfunction caused the machine to eject Plaintiff from atop the riding position on the pallet jack, with the machine then crushing his right foot and ankle against the wall of the truck he was unloading, resulting in injuries and damages to Plaintiff as complained of herein that were caused, contributed to, enhanced, and/or aggravated by the negligence and/or strict liability of Defendants, and each of them, as herein set

FIRST AMENDED COMPLAINT - 2

forth.

4.

The pallet jack was designed, manufactured, distributed, sold, leased, maintained, serviced, inspected, and/or tested by the MITSUBISHI Defendants. Defendants knew the pallet jack would be used by the ultimate purchasers without substantial change in its condition from the time of their manufacture and initial sale, and the pallet jack was, in fact, in substantially the same condition at the time of its use on the date of this incident and was being used in a reasonable and foreseeable manner.

5.

MITSUBISHI is strictly liable for designing, manufacturing, distributing, selling, leasing, maintaining, servicing, inspecting, and/or testing the pallet jack in an unreasonably dangerous condition for the use intended, in one or more of the following particulars:

a) The pallet jack was not properly designed because its drive wheel tended to lose and regain traction abruptly, causing significant risk of dislodging the operator from the riding position and subjecting the rider to foreseeable injuries from falls, or crush situations like what befell Plaintiff;

b) The pallet jack was sold without any or adequate warnings, either by way of warnings in the operator's manual, or by way of warning decals placed in strategic locations on the pallet jack, of the risk of operator injury due to sudden loss/regaining of traction of the machine at a time when Defendants knew, or in the exercise of reasonable care should have known of the reasonably foreseeable and unreasonably dangerous risk of harm created thereby;

c) The pallet jack was not adequately inspected prior to its sale, which adequate inspection would have indicated the risk of serious injury to the operator due to sudden loss/regaining of traction;

d) The pallet jack was not adequately tested prior to its sale, which adequate testing would have indicated the risk of serious injury to the operator due to sudden loss/regaining of traction.

FIRST AMENDED COMPLAINT - 3

SCHAUERMANN THAYER
JACOBS STAPLES & EDWARDS, PS
1700 E. FOURTH PLAIN BLVD.
VANCOUVER, WA 98661
(360) 695-4244

6.

The fault and/or negligence of Defendants, and each of them, as set forth herein, was a substantial factor in causing, contributing to, enhance, a/or aggravating the following injurs to Plaintiff Christopher Watson:

a) Right foot and ankle crush injury;

b) Fractured first, second and third right metatarsals;

c) Jones fracture right fifth metatarsal;

d) Fractured and dislocated right Lisfranc joint;

e) Torn ligaments of the right Lisfranc joint.

7.

As a result of the aforementioned injuries, Plaintiff underwent multiple medical, diagnostic, and other treatments, including multiple surgeries.

8.

As a result of the aforementioned injuries Plaintiff has suffered permanent injury and loss of enjoyment of life, and will continue to suffer from pain and loss of enjoyment of life in the future, all to his noneconomic damage in an amount to be determined by the jury to fully and fairly compensate Plaintiff for his damages in accordance with Oregon law, but in an amount not to exceed the sum of $3,000,000.

9.

As a result of the aforementioned injuries Plaintiff has incurred reasonable and necessary medical, hospital, doctor, therapy, nursing, and rehabilitation expenses to date in the approximate sum of $88,113. Plaintiff will incur reasonable and necessary medical, hospital, doctor, therapy, nursing, and rehabilitation expenses in the future in the approximate sum of $200,000. Plaintiff

FIRST AMENDED COMPLAINT - 4

has lost wages to date in the approximate sum of $50,000, and will incur loss of wages and/or loss of earning capacity in the future, the present value of which is the approximate sum of $150,000, all to his economic damage in the approximate sum of $488,113.

10.

Plaintiff is entitled to interest at 9% per annum for his economically verifiable losses from the date of loss to the date of judgment.

11.

Plaintiff reserves the right to amend this Complaint at the time of trial to more completely allege his economic losses and/or to conform to the proof offered at trial.

12.

Plaintiff hereby demands a jury trial.

**COUNT TWO**
**(Negligence)**

13.

Plaintiff realleges paragraphs 1-12 of Count One of his Complaint.

14.

Defendants, and each of them, are negligent in one or more of the ways alleged in paragraph 5 of Count One.

15.

Plaintiff suffered injuries, underwent treatment, and is entitled to compensatory damages on Count Two as set forth in paragraphs 6-10 of Count One.

WHEREFORE, Plaintiff CHRISTOPHER WATSON prays for judgment against Defendants, and each of them, in the sum of $3,488,113, for his costs and disbursements incurred

FIRST AMENDED COMPLAINT - 5

1  herein, and for such other relief as the court deems just and equitable.

2  Dated: March 17, 2023.

4  /s/ Scott A. Staples
SCOTT A. STAPLES, OSB 132572
of Attorneys for Plaintiff

FIRST AMENDED COMPLAINT - 6

SCHAUERMANN THAYER
JACOBS STAPLES & EDWARDS, PS
1700 E. FOURTH PLAIN BLVD.
VANCOUVER, WA 98661
(360) 695-4244